Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Fees a district clerk may charge in a suit affecting the parent-child relationship
Dear Mr. Driscoll:
At the request of the district clerk of Harris County, you ask the following questions regarding fees to be collected in suits affecting the parent-child relationship:
 1. Is section 14.13 of the Family Code, as enacted by House Bill No. 1593 or as enacted by Senate Bill No. 1175, valid and effective, or are both valid and effective?
 2. What fee may the district clerk charge for contempt actions for enforcement of child support orders and suits to modify child support?
 3. May the district clerk charge a managing conservator (represented by the attorney general) a $5 fee for orders withholding from earnings for child support?
Your first question arises because the Sixty-ninth Legislature enacted two amendments to the Family Code and provided that each of them would be codified as Family Code § 14.13. Both provisions deal with fees in suits affecting the parent-child relationship. The first of those provisions was part of House Bill No. 1593:
 Sec. 14.13. ADDITIONAL FILING FEE NOT REQUIRED. No additional filing fee may be collected or required in a suit affecting the parent-child relationship when a party to the suit files a motion to modify a decree under Section 14.08 of this code, or when a motion for the enforcement of an order is filed under Section 14.09 or 14.091 of this code. This section does not prohibit the clerk from collecting a deposit in the amount set by the clerk as in other cases for payment of expected costs and other expenses arising in the proceeding.
Acts 1985, 69th Leg., ch. 239, at 2039-40. Senate Bill No. 1175 contained the other provision to be labeled Family Code section 14.13:
 Section 14.13. EXEMPTION FROM COURT FEES: ATTORNEY GENERAL. A clerk, auditor, sheriff, or other government officer or employee may not charge a fee or other amount for services rendered in connection with an action or proceeding in which the attorney general of this state is representing a party for the purpose of obtaining child support.
Acts 1985, 69th Leg., ch. 232, at 1961.
Amendments enacted in the same session of the legislature are to be harmonized, if possible. V.T.C.S. art. 5429b-2, § 3.05(b). Also, clerical mistakes by the legislature should be disregarded. Attorney General Opinions M-1207 (1972); C-106 (1963); V-1234 (1951). The two amendments at issue deal with different topics and do not conflict. The overlap in labeling is nothing more than a clerical error. Thus, both amendments are valid.
The version of section 14.13 that is set out in House Bill No. 1593 provides the answer to your second question. That provision makes clear that the district clerk may not charge a fee for a motion to modify a decree or a motion for enforcement of an order in a suit affecting the parent-child relationship. Apparently the district clerk's question arose because of uncertainty about the interpretation of the phrase "no additional filing fee" in that provision. We think that the word "additional" is a reference to the initial filing fee in the suit affecting the parent-child relationship. In effect, the provision means that the cost of filing motions to modify or motions to enforce orders is covered by the initial filing fee.
Your third question is whether a clerk can charge a managing conservator who is represented by the attorney general a $5 fee for orders that are mailed to employers requiring them to withhold child support payments from an employee's earnings. Generally, a district clerk may charge such a fee:
 The employer may deduct from the ordered amount an administrative fee of not more than $5 per month to be credited towards the obligor's payment of support. The clerk of the court may charge the requestor a reasonable fee for each order delivered to an employer by mail, not to exceed $5. (Emphasis added).
Family Code § 14.43(i); Acts 1985, 69th Leg., ch. 232, at 1972. As we discussed previously, however, a clerk may not charge a fee for services rendered in connection with a proceeding in which the attorney general is representing a party for the purpose of obtaining child support. Family Code § 14.13; Acts 1985, 69th Leg., ch. 232, at 1961. That exemption is applicable in the situation you describe. Therefore, you may not charge the $5 fee when the managing conservator is represented by the attorney general.
 SUMMARY
Section 14.13 of the Family Code, as enacted by House Bill No. 1593, Acts 1985, 69th Leg., ch. 239, at 2039-40, and section 14.13 of the Family Code, as enacted by Senate Bill No. 1175, Acts 1985, 69th Leg., ch. 232, at 1961, are both valid. The district clerk may not charge a fee for motions to modify a decree or motions for enforcement of orders in suits affecting the parent-child relationship. When a managing conservator is represented by the attorney general, the district clerk may not charge the managing conservator a fee for orders mailed to employers requiring them to withhold child support payments from an employee's earnings.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General